IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number **17-23003**

Debtor#1: **Ted Dobranksi**            Last Four (4) Digits of SSN: **3928**

Debtor#2: _____    Last Four (4) Digits of SSN: _____

*Check if applicable*     □ **Amended Plan**     □ **Plan expected to be completed within the next 12 months**

### CHAPTER 13 PLAN DATED JULY 25, 2017
### COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**

Total amount of **$900.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | **$900.00** | $_____ | $_____ |
| D#2 | $_____ | $_____ | $_____ |

(Income attachments must be used by Debtors having attachable income)      (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $_____
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**: no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
     i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
     ii. The original plan term has been extended by _____ months for a total of _____ months from the original plan filing date;
     iii. The payment shall be changed effective _____.
     iv. The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $_____ from the sale of this property (describe) _____. All sales shall be completed by _____. Lump sum payments shall be received by the Trustee as follows: _____.
Other payments from any source (describe specifically) _____ shall be received by the Trustee as follows: _____.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

     *Level One:*    Unpaid filing fees.
     *Level Two:*    Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate protection payments.
     *Level Three:*    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
     *Level Four:*    Priority Domestic Support Obligations.
     *Level Five:*    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
     *Level Six:*    All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
     *Level Seven:*    Allowed general unsecured claims.
     *Level Eight:*    Untimely filed unsecured claims for which the Debtor has not lodged an objection.

**1. UNPAID FILING FEES** _____

Filing fees: the balance of $_____ shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326 (a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b.* Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| Chase (1188018990) | 270 Broadlawn Dr. Elizabeth, PA 15037 | $703.00 | $0.00 |
|  |  |  |  |
|  |  |  |  |

3(b). *Long term debt claims secured by PERSONAL property entitled to §1326 (a)(1)(C) preconfirmation adequate protection payments:*

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
|  |  |  |  |  |

**6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

**7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
|---|---|
|  |  |
|  |  |
|  |  |

**8. LEASES.  Leases provided for in this section are assumed by the debtor(s).  Provide the number of lease payments to be made by the Trustee.**

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| **GM Financial Leasing** | **2017 Cadillac XT5 AWD** | **$565/month with 28 months left** (The Debtor's father is co-signed on this debt.  The Debtor will continue to pay this debt directly, outside of the plan) | $0.00 |
|  |  |  |  |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |

**9.  SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

\* *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**10.  PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**

If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐   As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
   a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
   b. Attorney fees are payable to **Steidl and Steinberg, P.C**. In addition to a retainer of **$610.00 + $500.00 fees and costs (which includes the court filing fee of $310.00)** already paid by or on behalf of the Debtor, the amount of **$3,390.00** is to be paid at the rate of **$200.00** per month. Including any retainer paid, a total of $_____ has been approved pursuant to a fee application. An additional $_____ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
|  |  |  |
|  |  |  |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of **$3,060.00** will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of **$0.00** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **4%**. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

### GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record, (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID. The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS. FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

Attorney Signature /s/ Abagale Steidl

Attorney Name and Pa. ID #Abagale Steidl, 319217

Attorney Address and Phone Suite 2830- Gulf Tower, 707 Grant St., Pittsburgh, PA 15219 (412) 391-8000

Debtor Signature /s/ Ted Dobranski

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                              Case No. 17-23003-GLT
Ted A. Dobranski                                                    Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2           User: aala              Page 1 of 2              Date Rcvd: Aug 11, 2017
                               Form ID: pdf900         Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 13, 2017.
db            +Ted A. Dobranski,    270 Broadlawn Dr.,    Elizabeth, PA 15037-2002
cr            +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                Pittsburgh, PA 15233-1828
14665331      +Alfred P. Pelkey,    444 Mingo Church Rd.,    Finleyville, PA 15332-3529
14665332       American Express,    PO Box 360001,    Fort Lauderdale, FL 33336-0001
14665334      +Bank of America NA,    c/o Northstar Location Services LLC,    4285 Genesee Street,
                Cheektowaga, NY 14225-1943
14665335       Chase,   PO Box 78420,    Phoenix, AZ 85062-8420
14665336       Chase Bank USA NA,    c/o Nationwide Credit Inc.,    PO Box 14581,    Des Moines, IA 50306-3581
14665340      +CitiBank/Sears Mastercard,    Midland Funding,    1 International Plaza-5th Floor,
                Philadelphia, PA 19113-1510
14665338       Citibank NA,    c/o Cavalry SPV I, LLC,    PO Box 385908,    Minneapolis, MN 55438-5908
14665339      +Citibank, NA,    c/o Midland Funding LLC,    PO Box 2121,    Warren, MI 48090-2121
14665341      +Comenity HSN,    PO Box 659707,    San Antonio, TX 78265-9707
14665342       Discover Bank,    PO Box 30420,    Salt Lake City, UT 84130-0420
14665343      +Fifth Third Bank,    c/o Client Services Inc.,    3451 Harry S. Truman Boulevard,
                Saint Charles, MO 63301-4047
14665344       GM Financial Leasing,    75 Remittance Dr.,    Suite 1738,    Chicago, IL 60675-1738
14665346       Nationwide Credit,    P.O. Box 26314,    Lehigh Valley, PA 18002-6314
14665781      +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14665348       Sunrise Credit Services,    P.O. Box 9100,    Farmingdale, NY 11735-9100

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14665333       E-mail/Text: legal@arsnational.com Aug 12 2017 01:14:29     ARS National Services,
                P.O. Box 469046,    Escondido, CA 92046-9046
14665345       E-mail/PDF: gecsedi@recoverycorp.com Aug 12 2017 01:16:30     JCP/Synchrony Bank,
                PO Box 960090,    Orlando, FL 32896-0090
14665347      +E-mail/PDF: gecsedi@recoverycorp.com Aug 12 2017 01:16:55     QVC/Synchrony Bank,
                PO Box 965005,    Orlando, FL 32896-5005
14665349      +E-mail/Text: bankruptcy@affglo.com Aug 12 2017 01:14:46     Synchrony Bank/Lowe's,
                c/o Global Credit and Collection Corp.,    5440 N. Cumberland Avenue, Suite 300,
                Chicago, IL 60656-1486
14665350      +E-mail/Text: bankruptcy@affglo.com Aug 12 2017 01:14:46     Synchrony Bank/Lowes,
                c/o Global Credit and Collection Corp,    5440 N. Cumberland Ave.,    Suite 300,
                Chicago, IL 60656-1486
14665351      +E-mail/Text: BKRMailOps@weltman.com Aug 12 2017 01:14:49     Weltman Weinberg & Reis Co, LLP,
                attn: Bill Molczan, Esq.,    Suite 2500-Koppers Building,    436 Seventh Ave.,
                Pittsburgh, PA 15219-1826
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14673346*       ARS National Services,    P.O. Box 469046,    Escondido, CA 92046-9046
14673344*      +Alfred P. Pelkey,    444 Mingo Church Rd.,    Finleyville, PA 15332-3529
14673345*       American Express,    PO Box 360001,    Fort Lauderdale, FL 33336-0001
14673347*      +Bank of America NA,    c/o Northstar Location Services LLC,    4285 Genesee Street,
                Cheektowaga, NY 14225-1943
14673348*       Chase,   PO Box 78420,    Phoenix, AZ 85062-8420
14665337*       Chase Bank USA NA,    c/o Nationwide Credit Inc.,    PO Box 14581,    Des Moines, IA 50306-3581
14673349*       Chase Bank USA NA,    c/o Nationwide Credit Inc.,    PO Box 14581,    Des Moines, IA 50306-3581
14673350*       Chase Bank USA NA,    c/o Nationwide Credit Inc.,    PO Box 14581,    Des Moines, IA 50306-3581
14673353*      +CitiBank/Sears Mastercard,    Midland Funding,    1 International Plaza-5th Floor,
                Philadelphia, PA 19113-1510
14673351*       Citibank NA,    c/o Cavalry SPV I, LLC,    PO Box 385908,    Minneapolis, MN 55438-5908
14673352*      +Citibank, NA,    c/o Midland Funding LLC,    PO Box 2121,    Warren, MI 48090-2121
14673354*      +Comenity HSN,    PO Box 659707,    San Antonio, TX 78265-9707
14673355*       Discover Bank,    PO Box 30420,    Salt Lake City, UT 84130-0420
14673356*      +Fifth Third Bank,    c/o Client Services Inc.,    3451 Harry S. Truman Boulevard,
                Saint Charles, MO 63301-4047
14673357*       GM Financial Leasing,    75 Remittance Dr.,    Suite 1738,    Chicago, IL 60675-1738
14673358*       JCP/Synchrony Bank,    PO Box 960090,    Orlando, FL 32896-0090
14673359*       Nationwide Credit,    P.O. Box 26314,    Lehigh Valley, PA 18002-6314
14673360*      +QVC/Synchrony Bank,    PO Box 965005,    Orlando, FL 32896-5005
14673361*       Sunrise Credit Services,    P.O. Box 9100,    Farmingdale, NY 11735-9100
14673362*      +Synchrony Bank/Lowe's,    c/o Global Credit and Collection Corp.,
                5440 N. Cumberland Avenue, Suite 300,    Chicago, IL 60656-1486
14673363*      +Synchrony Bank/Lowes,    c/o Global Credit and Collection Corp,    5440 N. Cumberland Ave.,
                Suite 300,    Chicago, IL 60656-1486
14673364*      +Weltman Weinberg & Reis Co, LLP,    attn: Bill Molczan, Esq.,    Suite 2500-Koppers Building,
                436 Seventh Ave.,    Pittsburgh, PA 15219-1826
                                                                                 TOTALS: 1, * 23, ## 0

```
District/off: 0315-2          User: aala                 Page 2 of 2                  Date Rcvd: Aug 11, 2017
                              Form ID: pdf900            Total Noticed: 23
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2017                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 9, 2017 at the address(es) listed below:
              Abagale E. Steidl    on behalf of Debtor Ted A. Dobranski asteidl@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;abby.steidl@me.com;npalashoff
               @steidl-steinberg.com;r53037@notify.bestcase.com
              James   Warmbrodt     on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                             TOTAL: 5
```