FILED
2/22/18 1:02 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Case No. 17-23003-GLT |
|---|---|---|
| TED DOBRANSKI | : | Related to Dkt. No. 31 |
| Debtor. | : | Hearing: April 5, 2018 at 11:00 a.m. |

**ORDER CONVERTING CASE UNDER CHAPTER 13 TO CASE UNDER CHAPTER 7, SETTING DEADLINES, SCHEDULING STATUS CONFERENCE, AND TERMINATING WAGE ATTACHMENT**

The Debtor filed a motion to convert his chapter 13 case in accordance with *11 U.S.C. §1307(a)* to a case under chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

**AND NOW**, based upon the foregoing, it is **ORDERED, ADJUDGED,** and **DECREED** that:

(1) Any party-in-interest that challenges the good faith of the conversion shall, on or before *March 22, 2018*, file a motion setting forth the basis of the challenge and specifically identifying the relief requested in the event conversion is found not to have been made in good faith.

(2) The wage attachment(s) issued in this case are immediately **TERMINATED**. The Debtor(s) shall serve a copy of this order on the employer(s).

(3) *No later than March 8, 2018*, the Debtor(s) shall file a schedule of all unpaid debts incurred after the commencement of the chapter 13 case and before conversion. *Bankruptcy Rule 1019(5)(B)(i)*.

(4) *No later than March 8, 2018*, the Debtor(s) shall file the statements and schedules required by *Bankruptcy Rules 1019(1)(A)* and *1007(b)*, if such documents have not already been filed.

(5) *No later than March 26, 2018*, the Debtor(s) shall file a statement of intention with respect to retention or surrender of estate property which secures a debt, as required by *11 U.S.C. §521(a)(2)* and *Bankruptcy Rule 1019(1)(B)*, and conforming to *Official Form 8*.

(6) The chapter 13 trustee shall forthwith turn over to the chapter 7 trustee all records and property of the estate remaining in the chapter 13 trustee's custody and control, as required by *Bankruptcy Rule 1019(4)*, except that any remaining funds that do not constitute property of the chapter 7 estate shall be returned to the Debtor(s).

GLT 13 TO 7 FORM (REV. 4/15/16)

(7) **Within 60 days** of the date of this *Order*, the chapter 13 trustee shall file an accounting of all receipts and distributions made. The Court retains jurisdiction over the *Chapter 13 Trustee's Report of Receipts and Disbursements and Final Report and Account*. Upon submission of the *UST Form 13-FR-S: Chapter 13 Trustee's Final Report and Account*, the chapter 13 trustee is discharged from her duties in this case.

(8) *No later than March 26, 2018*, the Debtor(s) shall, if the case is converted after the confirmation of a plan, file:

  (a) a schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order. *Bankruptcy Rule 1019(5)(C)(i)*;

  (b) a schedule of unpaid debts not listed in the chapter 13 trustee's final report and account. *Bankruptcy Rule 1019(5)(C)(ii)*; and

  (c) a schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order. *Bankruptcy Rule 1019(5)(C)(iii)*.

The schedule of claimants under subsection (b) of this paragraph shall be filed by entering additional claimants into the CM/ECF system via "Creditor Maintenance." A list of said claimants shall be attached to the *Bankruptcy Rule 1019 Report*.

It is **FURTHER ORDERED** that if the Debtor(s) fail(s) to file the documents required by this *Order* and *Bankruptcy Rule 1019* by the aforesaid dates, a status conference shall be held on **April 5, 2018 at 11:00 a.m.**, in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219, to determine whether additional relief is necessary to compel compliance with the terms of this *Order*.

It is **FURTHER ORDERED** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the reports and schedules per paragraphs 3, 8(b) and 8(c) of this *Order* are filed in time for the Clerk to include post-petition creditors in the § 341 notice mailing, the Clerk shall so include the post-petition creditors in that mailing. If said report and schedules are not filed in time for inclusion of the post-petition creditors in the § 341 notice mailing, *within ten days of the filing of said report and schedules*, the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*.

It is **FURTHER ORDERED** that *within 45 days* of the date of this *Order*, all chapter 13 fee petitions by any professional shall be self-scheduled and filed with the Clerk of the Bankruptcy Court. The fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case," and the hearing shall be self-scheduled on Judge Taddonio's chapter 13 motions calendar.

It is **FURTHER ORDERED** that *within five days* hereof, counsel for the Debtor shall ***IMMEDIATELY SERVE*** a copy of this *Order* on all creditors in the above-captioned case and ***shall file a Certificate of Service*** with the Clerk of the Bankruptcy Court.

Dated:  February 22, 2018

                                                                                          _____
                                                                                          GREGORY  TADDONIO    cgt
                                                                                          UNITED STATES BANKRUTPCY JUDGE

<u>Case administrator to mail to:</u>
Debtor
Kenneth Steidl, Esq.
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:   Case No. 17-23003-GLT
Ted A. Dobranski   Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2       User: amaz       Page 1 of 1       Date Rcvd: Feb 23, 2018
                Form ID: pdf900       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 25, 2018.
db        +Ted A. Dobranski,   270 Broadlawn Dr.,   Elizabeth, PA 15037-2002
        Ronda J. Winnecour, Esq.,   3250 U.S. Steel Tower,   Pittsburgh, PA  15219

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 23, 2018 at the address(es) listed below:
      Abagale E. Steidl    on behalf of Debtor Ted A. Dobranski asteidl@steidl-steinberg.com,
       julie.steidl@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;abby.steidl@me.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com
      James Warmbrodt    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
      Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
      Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
      Rosemary C. Crawford    crawfordmcdonald@aol.com,  PA68@ecfcbis.com
      S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
       srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                 TOTAL: 6